Samantha Ruscavage-Barz
NM Bar No. 23276
WildEarth Guardians
516 Alto St.
Santa Fe, NM 87501
Telephone: 505-401-4180
sruscavagebarz@wildearthguardians.org

Nathan Maxon, WSB No. 7-4588
342 Parks Street
Lander, WY 82520
Telephone: 307-438-9823
nate.maxon@gmail.com

Nathaniel Shoaff, CA Bar No. 256641
Nathan Matthews, CA Bar No. 264248
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: 415-977-5610
nathaniel.shoaff@sierraclub.org
nathan.matthews@sierraclub.org            *Attorneys for Petitioners*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| WILDEARTH GUARDIANS and SIERRA CLUB, ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> UNITES STATES BUREAU OF ) <br> LAND MANAGEMENT, ) <br> Respondent, ) <br> ) <br> and ) <br> ) <br> STATE OF WYOMING, *et al*. ) <br> Respondent-Intervenors. ) <br> ) | Case No 2: 12-CV-00085-ABJ <br> Case No. 2: 13-CV-00042-ABJ <br> Case No. 3: 13-CV-00090-ABJ |

**PETITIONER WILDEARTH GUARDIANS' MOTION FOR LITIGATION**
**COSTS AND REASONABLE ATTORNEYS' FEES**

Petitioner WildEarth Guardians ("Guardians") in Case No. 13-cv-00042 hereby moves the Court to grant its costs of litigation, including reasonable attorney fees, pursuant 28 U.S.C. § 2412 (Equal Access to Justice Act, "EAJA"). On December 7, 2017, Guardians filed an unopposed Motion requesting that briefing and resolution of this fee Motion be stayed to allow resolution of negotiations between the parties concerning litigation costs and attorneys' fees (Dkt. No. 198), which will hopefully avoid the need for the parties to brief this Motion and for the Court to address it. This application covers Guardians' fees and expenses incurred both during litigation in the district courts and on appeal to the Tenth Circuit.

EAJA requires a party to address four factors before an award of litigation costs, including attorney fees, is granted. They are: 1) that the party is a "prevailing party"; 2) that the party is eligible to receive an award; 3) the amount sought; and 4) that the position of the United States was not "substantially justified." 28 U.S.C. § 2412(d)(1)(B).

Guardians is the "prevailing party," as the Tenth Circuit entered an opinion and order on September 15, 2017, ruling for Guardians, *WildEarth Guardians v. BLM*, 870 F.3d 1222 (10th Cir. 2017), and the Tenth Circuit issued its Mandate on November 7, 2018. Dkt. 195 in Lead Case No. 2:12-cv-00085-ABJ. Guardians is eligible for an award pursuant to EAJA because Guardians is a non-profit organization exempt from taxation under section 501(c)(3) of the Internal Revenue Code. The rates at which Guardians seeks a fee award are reasonable, and consistent with EAJA. Finally, Defendant U.S.

Bureau of Land Management's position was not substantially justified and no special circumstances make the award unjust.

As the attached time and expense sheets show, Guardians claims a total of $156,675.61 in reimbursable litigation costs, including reasonable attorney fees for work in the district and appellate courts. Attorney Samantha Ruscavage-Barz expended 127.2 hours (Exhibit 4). The following attorneys also expended time on the case as detailed in Exhibits 2 and 3: Nathaniel Shoaff expended 613.8 hours; and Nathan Matthews expended 67.8 hours. Exhibits 5-6.

The case began in the Federal District Court for the District of Columbia in 2012, and was transferred to the District of Wyoming in 2013. The appeal was in the Tenth Circuit in Denver, Colorado. Therefore, attorneys' fees are calculated for specific litigation tasks based on the court (locality) in which these tasks occurred over the course of the case. Hourly rates were computed using EAJA's hourly rate of $125 adjusted to reflect the greater cost of living since Congress implemented that rate in 1996. The adjustment is calculated by multiplying the statutory rate of $125 by the CPI-U for the year the fee was earned, and then dividing by the CPI-U for March 1996 (the month and year the statutory rate was fixed). Based on this formula, Guardians calculated attorneys' fees at the following rates for the District of Columbia, Wyoming, and Denver:

**District of Columbia**:

| Year Fee Earned | CPI-U for Year Fee Earned[1] | CPI-U for 1996 | Adjusted Rate |
|---|---|---|---|
| 2012 | 150.21 | 100 | $188 |

**Wyoming**:

| Year Fee Earned | CPI-U for Year Fee Earned[2] | CPI-U for 1996 | Adjusted Rate |
|---|---|---|---|
| 2013 | 141.65 | 100 | $177 |
| 2014 | 143.53 | 100 | $179 |
| 2015 | 144.12 | 100 | $180 |
| 2016 | 145.44 | 100 | $182 |
| 2017 | 147.98 | 100 | $185 |

**Denver**:

| Year Fee Earned | CPI-U for Year Fee Earned[3] | CPI-U for 1996 | Adjusted Rate |
|---|---|---|---|
| 2015 | 239.99 | 152 | $197 |
| 2016 | 243.64 | 152 | $200 |
| 2017 | 252.76 | 152 | $208 |

Based on the hours reasonably expended and the EAJA statutory rate adjusted for cost of living increases, attorneys' fees total $153,410.50. Guardians is not seeking enhanced

---

[1] The CPI-U for Year Fee Earned uses the annual CPI-U for the District of Columbia Local Area for 2012 listed in Exhibit 1. The CPI-U database only provided CPI-U data for November 1996, so the CPU-I for November 1996 was used as the divisor for this calculation.

[2] The CPI-U for Year Fee Earned uses the annual CPI-U for Western States Size Class B/C listed in Exhibit 2. The CPI-U database only provided CPI-U data for December 1996, so the CPU-I for December 1996 was used as the divisor for this calculation. The CPI-U for 2017 is for the first half of 2017 for Western States Size Class B/C because the annual value for 2017 is not yet available.

[3] The CPI-U for Year Fee Earned uses the annual CPI-U for the Denver-Boulder-Greeley, CO Local Area as listed in Exhibit 3. The CPI-U for 2017 is for the first half of 2017 for Denver because the annual value for 2017 is not yet available.

EAJA rates for this case. In making this fee request, Guardians exercised billing judgment and did not include time spent on potentially duplicative work among the consolidated cases, work performed by legal interns, paralegals, or legal secretaries, work of outside bankruptcy counsel related to supplemental briefing in the Tenth Circuit on Intervenor bankruptcy proceedings, or local counsel retainer fees. Nor is Guardians seeking recover of time spent by eleven Sierra Club attorneys that participated in moots in advance of oral argument before the Tenth Circuit. Additionally, Guardians incurred approximately $1,266.81 in expenses in this litigation in district and appellate courts (Exhibit 7).

For the reasons described above, Guardians is entitled to full recovery of attorneys' fees and costs in the amount of $156,675.61. If the parties are unable to reach an agreement on litigation fees and costs, Guardians respectfully requests that the Court award Guardians its litigation fees and costs in the amount of $156,675.61.

Respectfully submitted on this 7th day of December, 2017.

/s/ Samantha Ruscavage-Barz
Samantha Ruscavage-Barz,
NM Bar No. 23276
WildEarth Guardians
516 Alto Street
Santa Fe, New Mexico 87501
Tel.: (505) 401-4180
sruscavagebarz@wildearthguardians.org

Nathan Maxon
342 Parks Street
Lander, WY 82520
Tel: (307) 438-9823
nate.maxon@gmail.com

Nathaniel Shoaff, CA Bar No. 256641
Nathan Matthews, CA Bar No. 264248
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
nathaniel.shoaff@sierraclub.org
Tel.: (415) 977-5610
nathan.matthews@sierraclub.org
Tel.: (415) 977-5695

*Attorneys for Petitioner WildEarth Guardians*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing MOTION FOR LITIGATION COSTS AND REASONABLE ATTORNEYS' FEES was served on all counsel of record through the Court's ECF system on this 7th day of December 2017.

                                                    /s/ Samantha Ruscavage-Barz