FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 SEP 18  AM 8:35

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WILD EARTH GUARDIANS, POWDER RIVER BASIN RESOURCE COUNCIL, and SIERRA CLUB,<br><br>    Petitioners,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, UNITED STATES FOREST SERVICE CHIEF, in his official capacity also known as Tom Tidwell, UNITED STATES FOREST SERVICE ACTING REGION II FORESTER, in her official capacity also known as Maribeth Gustafson, UNITED STATES FOREST SERVICE ACTING REGION II DEPUTY FORESTER, in his official capacity also known as Glenn Casamassa,<br><br>    Respondent.<br><br>STATE OF WYOMING, BTU WESTERN RESOURCES, INC., NATIONAL MINING ASSOCIATION, WYOMING MINING ASSOCIATION,<br><br>    Respondents-Intervenors. | Case No. 12-CV-85-ABJ |

| | |
|---|---|
| WILDEARTH GUARDIANS and<br>SIERRA CLUB,<br><br>    Petitioners,<br><br>    v.<br><br>UNITED STATES BUREAU OF LAND<br>MANAGEMENT,<br><br>    Respondent.<br><br>STATE OF WYOMING,<br>BTU WESTERN RESOURCES, INC.,<br>NATIONAL MINING ASSOCIATION, and<br>WYOMING MINING ASSOCIATION,<br><br>    Respondents-Intervenors.<br><br>THE INSTITUTE FOR POLICY<br>INTEGRITY AT NEW YORK<br>UNIVERSITY SCHOOL OF LAW,<br><br>    Amicus Curiae. | Case No. 13-CV-42-ABJ |

| | |
|---|---|
| POWDER RIVER BASIN RESOURCE COUNCIL, )<br>)<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES BUREAU OF LAND )<br>MANAGEMENT, a federal agency within )<br>the United States Department of )<br>Interior, SALLY JEWELL, in her official )<br>capacity as United States Secretary of )<br>the Interior, )<br>)<br>    Respondents. )<br>)<br>STATE OF WYOMING, )<br>BTU WESTERN RESOURCES, INC., )<br>NATIONAL MINING ASSOCIATION, and )<br>WYOMING MINING ASSOCIATION, )<br>)<br>    Respondents-Intervenors. ) | Case No. 13-CV-90-ABJ |

## ORDER FOLLOWING STATUS CONFERENCE AND SETTING DEADLINES

This matter came before the Court for a status conference on September 17, 2019. Counsel for plaintiffs, the federal defendants and intervenor parties appeared and participated in the hearing by telephone conference call. The purpose of the conference was to discuss and determine the future course of proceedings for the above captioned matters.

Counsel for the federal respondents believes that the matter has concluded,

3

that any remaining issues following remand are now moot and no longer justiciable, and that final judgment should be entered in favor of the respondents and intervenors.  Petitioner Powder River Basin Resource Counsel has suggested that it is in the interest of efficiency to allow petitioner to amend the petition to challenge the decisions and actions undertaken in response to the Tenth Circuit's directive which addresses a narrow issue.  Petitioner argues that allowing amendment of the petition presents little or no hardship to any of the parties in the case.  However, in the Court's view, it is not entirely clear whether the petitioner has actually decided to seek leave to amend the petition or whether to pursue relief in a new action challenging the agency's actions and decisions in response to the Tenth Circuit's directives and after this Court's remand to the agency for further action.

Following discussion with counsel, the Court finds that the petitioner must file a motion asking for leave to amend the petition and that the respondents and intervenors should have an opportunity to respond and present arguments why leave to amend the petition should not be granted.  Until the matter has been fully briefed, the Court is not in a position to make any informed decisions in this regard.

Additionally, the Court finds that the caption for the three consolidated cases set out above should be amended to reflect that Case No. 13-CV-42-J is the only

case that remains at issue, as Case No. 12-CV-85-J and Case No. 13-CV-90-J were not appealed to the Tenth Circuit and the appellate court's opinion remanding to this Court was directed only to Case No. 13-CV-42-J.

Accordingly, it is therefore

**ORDERED** that the caption set out above shall be, and hereby is, amended for all further proceedings to include only Case No. 13-CV-42-J. **It is further**

**ORDERED** that, if the petitioner in Case No. 13-CV-042-J elects to proceed further in this matter, any motion asking for leave to file an amended petition shall be filed on or before October 17, 2019. All respondents and intervenor parties shall file their responses within 14 days following service of the petitioner's motion asking to leave to file an amended petition. Petitioner may file a reply within 14 days after service of the respondents' and intervenor parties' responses. The matter will be decided on the parties' written submissions, unless the Court determines that further argument or hearing will be helpful to the Court. If so, any argument or hearing will be set by separate order at a later date. **It is further**

**ORDERED** that if petitioner does not file a timely motion asking for leave to file an amended petition, final judgment will be entered in Case No. 13-CV-42-J without further notice or hearing.

Dated this 17th day of September 2019.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE